# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| ISAAC ISAHAS WASHINGTON, | * |
| | * |
|     Plaintiff, | * |
| | * |
| vs. | * CIVIL ACTION NO. 18-00415-KD-B |
| | * |
| WARDEN CHRISTOPHER GORDY, | * |
| | * |
|     Defendant. | * |

## REPORT AND RECOMMENDATION

Isaac Isahas Washington, a state inmate in the custody of Respondent, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. (Doc. 1). In his petition, Washington challenges his 2014 conviction for felony murder in violation of § 13A-6-2 of the Code of Alabama (1975). (Doc. 1 at 2). Washington's petition has been referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), S.D. Ala. GenLR 72(a)(2)(R), and Rule 8 of the Rules Governing Section 2254 Cases. The undersigned has conducted a careful review of the record and finds that no evidentiary hearing is required to resolve this case. Kelley v. Secretary for the Dep't of Corrs., 377 F.3d 1317 (11th Cir. 2004). Following a complete review of this action, the undersigned recommends that the petition be dismissed as untimely.

## I. FINDINGS OF FACT

On May 9, 2014, Washington was convicted of felony murder and second degree kidnapping in the Circuit Court of Mobile County, Alabama, and was sentenced to life imprisonment without parole for the felony murder conviction and life for the kidnapping conviction.[1] (Doc. 8-11 at 93). Washington appealed his convictions and sentences to the Alabama Court of Criminal Appeals. (Id.). On October 23, 2015, the Alabama Court of Criminal Appeals reversed Washington's second degree kidnapping conviction but affirmed his conviction for felony murder. (Id. at 93-94). Washington did not file a petition for a writ of certiorari with the Alabama Supreme Court, and the Alabama Court of Criminal Appeals issued a certificate of judgment on December 31, 2015. (Id.; Doc. 1 at 3).

On May 3, 2016, Washington filed a Rule 32 petition wherein he made several claims of ineffective assistance of trial and appellate counsel. (Doc. 8-11 at 93-102; Doc. 1 at 4). On January

---

[1] At his trial, the jury also convicted Washington of second degree kidnapping in violation of § 13A-6-44 of the Code of Alabama (1975). However, as discussed, the Alabama Court of Criminal Appeals reversed the second degree kidnapping conviction on October 23, 2015 (Doc. 8-11 at 93-94; Doc. 8-7), and the Mobile County Circuit Court vacated the kidnapping conviction. (Doc. 8-11 at 94, 100). Therefore, only Washington's felony murder conviction remains, and it is that conviction that is the subject of the instant habeas petition. (Id.).

30, 2017, the trial court denied the petition.[2] (Doc. 8-11 at 102). Washington appealed the denial of his Rule 32 petition, and on June 30, 2017, the Alabama Court of Criminal Appeals affirmed the trial court's judgment. (Doc. 8-13 at 2; Doc. 1 at 5; Doc. 8-12). Washington filed an application for rehearing, which was denied, and a petition for a writ of certiorari, which the Alabama Supreme Court denied on September 15, 2017. A certificate of judgment was issued on that same date. (Docs. 8-14; 8-15; 8-18; 8-16).

Washington filed the instant § 2254 petition on September 21, 2018.[3] (Doc. 1). He attacks his May 9, 2014, conviction based upon one ground: (1) "the verdicts taken were contrary to law based on Alabama statutory and case law" (i.e., "a felony murder cannot be based on kidnapping 2d degree conviction"). (Id. at 6). In Respondent's brief in opposition to Washington's petition, Respondent asserts that the limitations period on Washington's

---

[2] Washington filed an amended Rule 32 petition on October 17, 2016, asserting additional claims of ineffective assistance of counsel, which also were denied. (Doc. 8-11 at 100).

[3] Although the instant petition was received by the Clerk's Office on September 24, 2018, pursuant to the mailbox rule, a prisoner's petition is deemed filed on the date it is delivered to prison officials for mailing, absent contrary evidence. Houston v. Lack, 487 U.S. 266, 271-71, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988); Adams v. United States, 173 F. 3d 1339, 1340-41 (11th Cir. 1999).

3

only remaining conviction, namely, felony murder, began to run on December 31, 2015, when the Alabama Court of Criminal Appeals affirmed the conviction and issued a certificate of judgment.[4] (Doc. 8-11 at 93-94; Doc. 8-7; Doc. 8-10). Thus, Washington's § 2254 petition, filed on September 21, 2018, is beyond the one-year period of limitation in 28 U.S.C. § 2244(d) and should therefore be dismissed as untimely. (Doc. 8 at 3). Further, Respondent argues that, even accounting for the period of time that the limitations period was tolled (*i.e.*, during the pendency of Washington's Rule 32 petition from May 3, 2016, to September 15, 2017), the habeas petition was still filed outside the limitations period. Respondent further asserts that Washington's assertion of equitable tolling and actual innocence is without merit. (Id.).

For the reasons set forth herein, the undersigned recommends that Washington's petition be dismissed because it is barred by the one-year statute of limitations.

**II. ANALYSIS**

Pursuant to 28 U.S.C. § 2244 (d)(1), as amended by the April 24, 1996 enactment of The Anti-Terrorism and Effective Death Penalty Act of 1996, § 101 (Supp. II 1997) ("AEDPA"), a state

---

[4] As noted, Washington did not file a petition for a writ of certiorari with the Alabama Supreme Court related to his conviction. (Doc. 8-11 at 93-94; Doc. 1 at 3).

4

prisoner seeking a federal habeas corpus remedy must file his federal petition within one year of the "conclusion of direct review or the expiration of the time for seeking such review."

The Act provides that:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

As noted above, the AEDPA imposes a one-year limitations period on § 2254 actions and includes one of several commencement dates, including "the date on which the judgment became final by

the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); see also Pugh v. Smith, 465 F.3d 1295, 1298 (11th Cir. 2006). Turning to Washington's 2014 conviction, the record reflects that Washington was convicted of felony murder on May 9, 2014, and was sentenced to life imprisonment without parole on June 10, 2014. (Doc. 8-11 at 93). On appeal, the Alabama Court of Criminal Appeals affirmed Washington's conviction and sentence for felony murder. (Doc. 8-11 at 93-94). Washington did not seek certiorari review by the Alabama Supreme Court, and the Alabama Court of Criminal Appeals issued a certificate of judgment on December 31, 2015, and the judgment became final on that date.[5] (Id.; Doc. 1 at 3). Thus, December 31, 2015, was the triggering date for the limitations period under the AEDPA, and absent a tolling event, it was set to expire one year later.

Section 2244(d)(2) of the AEDPA provides for the tolling of the limitations period pending state court review of a properly

---

[5] Because Washington did not seek certiorari review from the Alabama Supreme Court, he could not seek certiorari review in the United States Supreme Court. Thus, he is not entitled to an additional tolling period of 90 days during which he might have filed a timely petition for review in the United States Supreme Court. See Pugh v. Smith, 465 F.3d 1295, 1299 (11th Cir. 2006) (petitioner's "failure to seek review in [the state's highest court] means that he was not entitled to seek review in the Supreme Court of the United States and not entitled to the 90-day period for seeking that review.").

6

filed application for post-conviction relief. See In re Hill, 437 F.3d 1080, 1083 (11th Cir. 2006). The statute of limitations in this case ran for 125 days after the judgment became final on December 31, 2015, and was paused on May 3, 2016, when Washington filed his Rule 32 petition. Thereafter, the limitations period was tolled from May 3, 2016 (the date on which Washington filed his Rule 32 petition), to September 15, 2017 (the date on which the Alabama Court of Criminal Appeals issued a certificate of judgment related to Washington's Rule 32 petition).[6] (Doc. 8-11 at 94; Doc. 8-16 at 2). Thereafter, the one-year habeas statute of limitations resumed and ultimately expired 240 days later on May 14, 2018.[7] See Tinker v. Moore, 255 F.3d 1331, 1335. n.4 (11th Cir. 2001)("[A] properly and timely filed petition in state court only tolls the time remaining within the federal limitation period."). Accordingly, Washington's federal habeas petition, filed on September 21, 2018, which is more than four months after

---

[6] The Circuit Court of Mobile County, Alabama, dismissed Washington's Rule 32 petition on January 30, 2017, and the Alabama Court of Criminal Appeals affirmed that dismissal June 30, 2017. (Doc. 8-11 at 93; Doc. 8-13; Doc. 8-16 at 2). Washington filed an application for rehearing, which the Alabama Court of Criminal Appeals denied, and a petition for a writ of certiorari, which the Alabama Supreme Court denied on September 15, 2017. The Alabama Court of Criminal Appeals issued a certificate of judgment on that same date. (Docs. 8-14; 8-15; 8-18; 8-16).

[7] Because May 13, 2018, is a Sunday, Washington had until Monday, May 14, 2018, to file his habeas petition.

his federal habeas limitations period expired, was untimely.

Before recommending dismissal of Washington's habeas petition as untimely, the undersigned must determine whether Washington has pleaded extraordinary circumstances that require a contrary conclusion. Stated differently, unless Washington can demonstrate that a tolling provision of the AEDPA was triggered or that an exception to the AEDPA limitations period applies, his habeas petition is untimely.

The Eleventh Circuit has stated that § 2244 is a statute of limitations, not a jurisdictional bar. Therefore, it permits equitable tolling "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999). Equitable tolling is an extraordinary remedy, which is typically applied sparingly. See Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990); accord Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000). See also Holland v. Florida, 560 U.S. 631, 645 (2010) ("§ 2244(d) is subject to equitable tolling in appropriate cases[,] . . . We have previously made clear that a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.") (internal quotation marks

omitted); Diaz v. Secretary for the Dep't of Corrs., 362 F.3d 698, 702 (11th Cir. 2004) ("equitable tolling is available only if a petitioner establishes *both* extraordinary circumstances and due diligence.") (emphasis in original); Miller v. New Jersey State Dep't of Corrs., 145 F.3d 616, 618 (3rd Cir. 1998)("equitable tolling is proper only when the principles of equity would make [the] rigid application [of a limitation period] unfair . . . . Generally, this will occur when the petitioner has in some extraordinary way. . . been prevented from asserting his or her rights . . . . The petitioner must show that he or she exercised reasonable diligence in investigating and bringing [the] claims. . . . Mere excusable neglect is not sufficient")(internal quotation marks omitted). Moreover, in the Eleventh Circuit, as a general rule, "the 'extraordinary circumstances' standard applied in this circuit focuses on the circumstances surrounding the late filing of the habeas petition, rather than the circumstances surrounding the underlying conviction." Helton v. Secretary for Dep't of Corrs., 259 F.3d 1310, 1314 (11th Cir. 2001), *cert. denied*, 535 U.S. 1080 (2002).

In this case, Washington has failed to establish any basis for equitable tolling of the statutory limitations period. Indeed, Washington concedes that his claim is time-barred. (Doc. 1 at 11). Moreover, he has made no showing that he has pursued his

9

rights diligently, nor has he established that extraordinary circumstances are present. Therefore, any claim of equitable tolling is meritless. See Dortch v. Myers, 2019 U.S. Dist. LEXIS 8556, *8, 2019 WL 1104995, *3 (S.D. Ala. Jan. 16, 2019), *report and recommendation adopted*, 2019 WL 1102212 (S.D. Ala. Mar. 8, 2019)("As [petitioner] has failed to establish both diligence and extraordinary circumstances, he is not entitled to equitable tolling.").

There is also an "actual innocence" exception to the AEDPA statute of limitations. See Dortch, 2019 U.S. Dist. LEXIS 8556 at *8 n.2, 2019 WL 1104995 at *4 n.2 (citing McQuiggin v. Perkins, 569 U.S. 383, 386 (2013)). The McQuiggin court "caution[ed], however, that tenable actual-innocence gateway pleas are rare: [A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Id., 569 U.S. at 386 (internal quotation marks omitted)(quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)). See also Gore v. Crews, 720 F.3d 811, 817 (11th Cir. 2013)(McQuiggin holds "that there is an equitable exception to the statute of limitations applicable to habeas claims, 28 U.S.C. § 2244(d), but only when the petitioner presents new evidence that shows it is more likely than not that no reasonable juror would

have convicted the petitioner.")(internal quotation marks omitted); Brown v. Secretary, Fla. Dep't of Corrs., 580 Fed. Appx. 721, 726-27 (11th Cir. 2014)(unpublished)("The test devised in Schlup is intended to ensure that [the] petitioner's case is truly extraordinary, while still provide petitioner a meaningful avenue by which to avoid a manifest injustice.")(internal quotation marks and brackets omitted).

Here, Washington has not asserted he is "actually innocent" *in light of new evidence*, such that his petition would not be time barred. Rather, he merely states that he is actually innocent of felony murder "because the trial court committed reversible error by taking guilty verdicts of felony murder and kidnapping 2d degree in Petitioner's case." (Doc. 1 at 11). Petitioner further argues:

> The verdicts are contrary to Alabama law, as the jury found Petitioner guilty of Felony Murder 13A-6-2(a)(3) and the lesser included offense of Kidnapping 2d, which is not encompassed within the Felony Murder statutes. The trial court impermissibly allowed the aforementioned verdicts to stand when Alabama's Felony Murder statute does not include Kidnapping 2d degree as a contemplated offense. See Section 13A-6-2(a)(3), Ala. Code 1975. Furthermore, Alabama case law has expressly held that a conviction for Kidnapping 2d degree cannot support a Felony Murder Conviction. Conway v. State, Id.

(Id.).

Contrary to Washington's argument, however, the Alabama Court

11

of Criminal Appeals rejected this very claim on direct appeal of his felony murder conviction. First, the court explained that, in Conway v. State, 489 So. 2d 641 (Ala. Crim. App. 1986), the court "did not consider whether second degree kidnapping could support a felony-murder conviction if the jury found that it was a 'felony clearly dangerous to human life.'" (Doc. 8-7 at 5-6). Second, the court stated that, twenty years after Conway was decided, in Ex parte Mitchell, 936 So. 2d 1094 (Ala. Crim. App. 2006), the court first considered the breadth of the felony-clearly-dangerous-to-human-life element of felony murder, when an otherwise unenumerated felony underlies that charge, and held that "second-degree kidnapping may form the basis for a felony-murder conviction if the jury finds that the manner . . . in which it was committed was inherently dangerous."[8] (Doc. 8-7 at 9-10)(internal quotation marks omitted). The jury having so found in Washington's case, the Alabama Court of Criminal Appeals court affirmed his felony murder conviction. (Id. at 12). Therefore, any argument that the actual innocence exception should be applied to this case because the offense of second degree kidnapping cannot support a felony murder conviction in Alabama is simply without merit.[9]

---

[8] The court overruled Conway, 489 So. 2d at 642 "[t]o the extent that [it] [held] otherwise." (Doc. 8-7 at 12).

[9] Washington also states in his habeas petition that "the trial

12

Where Respondent has asserted the defense of statute of limitations, and the Petitioner has failed to meet his burden of establishing extraordinary circumstances which would justify the equitable tolling of AEDPA's limitations period, the undersigned must recommend that this case be dismissed as time-barred. Accordingly, the undersigned finds that because Washington has neither demonstrated actual innocence, nor established that equitable tolling is warranted in this case, his federal habeas petition should be dismissed as time-barred, and judgment should be entered in favor of Respondent.

### III. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing 2254 Cases (December

---

court committed reversible error by taking guilty verdicts of felony murder and kidnapping 2d degree." (Doc. 1 at 11). While this argument is unclear, to the extent that Washington is attempting to reassert his double jeopardy argument that he presented to the Alabama Court of Criminal Appeals on direct appeal, that issue has been decided in his favor, resulting in his second degree kidnapping conviction being reversed and vacated. (Doc. 1 at 11; Doc. 8-7 at 12; Doc. 8-11 at 93-94). In any event, the reversal of Washington's second degree kidnapping conviction on the basis of double jeopardy has no bearing on the question of whether Washington is actually innocent of his felony murder conviction, of which there is no evidence whatsoever. Thus, this argument is also without merit.

1, 2009). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a habeas petition is dismissed on procedural grounds, such as in the instant case, without reaching the merits of any underlying constitutional claim, "a COA should issue [only] when the prisoner shows ... that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000); see also Miller-El v. Cockrell, 537 U.S. 322, 336, 123 S. Ct. 1029, 1039, 154 L. Ed. 2d 931 (2003)("Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'").

In the instant action, Washington's claims are clearly time barred, and he has failed to present extraordinary circumstances beyond his control that prevented him from filing this action in a timely manner. Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000). He has also failed to make a sufficient showing of "actual innocence" of the charge for which he was convicted. Schlup v.

Delo, 513 U.S. 298, 327, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995). Thus, under the facts of this case, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Washington should be allowed to proceed further. Slack, 529 U.S. at 484, 120 S. Ct. at 1604 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."). Accordingly, the undersigned recommends that the Court conclude that no reasonable jurist could find it debatable whether Washington's petition should be dismissed; thus, he is not entitled to a certificate of appealability.

**IV. CONCLUSION**

For the reasons set forth above, the undersigned recommends that the Court dismiss Washington's petition with prejudice as time-barred, that the Court find that Washington is not entitled to a Certificate of Appealability, and that the Court find that Washington is not entitled to proceed *in forma pauperis* on appeal.

**Notice of Right to File Objections**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen

(14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b); S.D. ALA GenLR 72(c). The parties should note that, under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing done by the Magistrate Judge is not specific.

**DONE** this **20th** day of **January, 2021.**

/s/ SONJA F. BIVINS
**UNITED STATES MAGISTRATE JUDGE**